JOHN H. PODESTA (SBN 154706)
Email: john.podesta@wilsonelser.com
DENNIS J. RHODES (SBN 168417)
Email: dennis.rhodes@wilsonelser.com
**WILSON, ELSER, MOSKOWITZ,
      EDELMAN & DICKER LLP**
525 Market Street, 17th Floor
San Francisco, California  94105
Telephone:     (415) 433-0990
Facsimile:     (415) 434-1370

Attorneys for Defendant
SIRIUS AMERICA INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COMMUNITY HOSPITAL OF THE MONTEREY PENINSULA, a California nonprofit corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SIRIUS AMERICA INSURANCE COMPANY, a New York corporation; EXCESS REINSURANCE UNDERWRITERS AGENCY, INC., a Pennsylvania corporation; 6 DEGREES HEALTH, INC., an Oregon corporation; and DOES 1 – 10,<br><br>Defendants. | CASE NO.<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT** |

### NOTICE OF REMOVAL OF DEFENDANT
### SIRIUS AMERICA INSURANCE COMPANY

PLEASE TAKE NOTICE that Defendant Sirius America Insurance Company ("Sirius"), by and through undersigned counsel, hereby removes the above-captioned action from the Superior Court for the State of California, Monterey County, to the United States District Court for the Northern District of California, under 28 U.S.C. §§ 1332, 1441, and 1446, based on the following grounds:

1.      On or about September 7, 2017, Plaintiff, Community Hospital of the Monterey Peninsula ("Community Hospital"), commenced an action against Sirius by filing a Complaint that was assigned Case No. 17CV003307 in the Superior Court for the State of California, Monterey County.  A Summons was thereafter filed by Community Hospital on or about September 11, 2017.  A copy of the Summons and Complaint is attached hereto as Exhibit "A."

2.      As further set forth below, this case is properly removable to this Court under 28 U.S.C. § 1441 because Sirius has satisfied the procedural requirements for removal and this Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332.

3.      Venue is proper in this Court under 28 U.S.C. §§ 1441 because the Superior Court for the State of California, Monterey County, is located within the Northern District of California.

4.      Under 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Sirius, which papers include the Summons and Complaint, are attached as Exhibit "A."

**SIRIUS HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL**

5.      Sirius was served with the Summons and Complaint in this action on September 12, 2017.  Accordingly, this Notice of Removal is timely filed under 28 U.S.C. § 1446(b).

6.      Community Hospital is a not-for-profit corporation organized under the laws of the State of California with its principal place of business in California.  Community Hospital, therefore, is a citizen of California for purposes of determining diversity under 28 U.S.C. § 1332(c)(1).

7.      Sirius is a company organized under the laws of the State of New York with its principal place of business in New York.  Sirius, therefore, is a citizen of New York for purposes of determining diversity under 28 U.S.C. § 1332(c)(1).

8.      Defendant Excess Reinsurance Underwriters Agency, Inc. ("Excess Reinsurance") is a corporation organized under the laws of the State of Pennsylvania with its principal place of

business in New Jersey.  Excess Reinsurance, therefore, is a citizen of Pennsylvania and New Jersey for purposes of determining diversity under 28 U.S.C. § 1332(c)(1).

9.      Defendant 6 Degrees Health, Inc. ("6 Degrees") is a corporation organized under the laws of the State of Oregon with its principal place of business in Oregon.  6 Degrees, therefore, is a citizen of Oregon for purposes of determining diversity under 28 U.S.C. § 1332(c)(1).

10.     Community Hospital, Sirius, Excess Reinsurance and 6 Degrees are citizens of different states.

11.     Excess Reinsurance and 6 Degrees consent to and join in the removal of this action to the United States District Court for the Northern District of California.

12.     In this action, Community Hospital seeks to collect reimbursement from Sirius in the amount of $687,559.10, constituting medical expenses allegedly incurred by its employees, under a group excess loss insurance policy issued by Sirius to Community Hospital.  *See* Complaint, Exhibit A.

13.     The matter in controversy in this action, upon information and belief, exceeds the sum of $75,000 exclusive of interests and costs.

14.     Under 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff and a copy is being filed with the clerk of the Superior Court for the State of California, Monterey County.

15.     Accordingly, Sirius has demonstrated that removal is appropriate.

16.     No previous application has been made for the relief requested herein.

17.     In undertaking this analysis, Sirius does not concede the truth of any of the allegations set forth in the Complaint.  Thus, all paragraphs and provisions contained herein are

1
2

adversarial in nature, operate under all necessary assumptions and presumptions, and are set forth

for the limited purpose of removing said matter to Federal Court.

3
4
5
6
7

WHEREFORE, based on the foregoing, Sirius respectfully removes this action from the

Superior Court for the State of California, Monterey County, bearing case number 17CV003307,

to this Court.

8
9
10
11
12

Dated:  September 12, 2017          WILSON, ELSER, MOSKOWITZ,
                                                              EDELMAN & DICKER LLP


                                                     By:_____*/s/ Dennis J. Rhodes*_____
                                                              John H. Podesta
                                                              Dennis J. Rhodes
                                                              Attorneys for Defendant SIRIUS AMERICA
                                                              INSURANCE COMPANY

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1845961v.1

# EXHIBIT A

DATE: 9-12-17

TIME: 9:20 a.m.

WHO: _Jamie Peterson_

BY: _Ryan_

LIC# _2104776_

ICU Investigations, LLC   435-986-1200

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | FOR COURT USE ONLY |
|---|---|
| | (SOLO PARA USO DE LA CORTE) |

ELECTRONICALLY FILED BY
Superior Court of California,
County of Monterey
On 9/11/2017 11:25 AM
By: Janet Nicholson, Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
SIRIUS AMERICA INSURANCE COMPANY, a New York corporation; EXCESS
REINSURANCE UNDERWRITERS AGENCY, INC., a Pennsylvania
corporation; 6 DEGREES HEALTH, INC., an Oregon corporation; DOES 1-10

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
COMMUNITY HOSPITAL OF THE MONTEREY PENINSULA, a California
nonprofit corporation

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER: |
|---|---|
| *(El nombre y dirección de la corte es):* | *(Número del Caso):* **17CV003307** |

Monterey County Superior Court
1200 Aguajito Rd., Monterey, California 93940

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jerold Oshinsky, Esq., Kasowitz Benson Torres, 2029 Century Park E #2000, Los Angeles, CA 90067   424-288-7908

| DATE: | 9/11/2017 | Clerk, by | /s/ Janet Nicholson | , Deputy |
|---|---|---|---|---|
| *(Fecha)* | | *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use | **SUMMONS** | American LegalNet, Inc. | Code of Civil Procedure §§ 412.20, 465 |
|---|---|---|---|
| Judicial Council of California | | www.FormsWorkflow.com | www.courtinfo.ca.gov |
| SUM-100 (Rev. July 1, 2009) | | | |

ELECTRONICALLY FILED BY
Superior Court of California,
County of Monterey
On 9/7/2017 1:16 PM
By: Janet Nicholson, Deputy

1  Jerold Oshinsky (SBN 250771)
   joshinsky@kasowitz.com
2  Julia K. Holt (SBN 221291)
   jholt@kasowitz.com
3  Brittany J. Shugart (SBN 293228)
   bshugart@kasowitz.com
4  KASOWITZ BENSON TORRES LLP
   2029 Century Park East, Suite 2000
5  Los Angeles, CA 90067
   Phone: 424-288-7900
6  Fax:  424-288-7901

7  Attorneys for Plaintiff Community Hospital of the Monterey Peninsula

8

9  **SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

10  **FOR THE COUNTY OF MONTEREY**

11  COMMUNITY HOSPITAL OF THE            Case No.:  17CV003307
    MONTEREY PENINSULA, a California
12  nonprofit corporation,               **COMPLAINT FOR:**

13            Plaintiff,                      (1) **NEGLIGENCE**

14       vs.                                  (2) **GROSS NEGLIGENCE**

                                             (3) **BREACH OF CONTRACT**
15  SIRIUS AMERICA INSURANCE
    COMPANY, a New York corporation;        (4) **TORTIOUS INTERFERENCE**
16  EXCESS REINSURANCE                            **WITH CONTRACT**
    UNDERWRITERS AGENCY, INC., a
17  Pennsylvania corporation; 6 DEGREES      (5) **TORTIOUS BREACH OF THE**
    HEALTH, INC., an Oregon corporation;         **IMPLIED COVENANT OF GOOD**
18  and DOES 1 through 10,                        **FAITH AND FAIR DEALING**

19                                           (6) **DECLARATORY JUDGMENT**
              Defendants.
20                                          [Amount Demanded Exceeds $25,000]

21                                          **JURY TRIAL DEMANDED**

22

23

24

25

26

27

28

COMPLAINT

Plaintiff complains of Defendants and alleges as follows:

## NATURE OF THIS ACTION

1.      This is an insurance coverage action by Plaintiff Community Hospital of the Monterey Peninsula ("Community Hospital") against Defendants Sirius America Insurance Company ("Sirius"), Excess Reinsurance Underwriters Agency, Inc. ("Excess Re"), 6 Degrees Health, Inc. ("6 Degrees"), as well as Does 1 through 10, to obtain bargained-for reimbursement for the full amounts incurred in connection with the following medical claims (pursuant to federal and state privacy laws, the claims are described throughout without identifying any protected personal information): (1) expenses incurred at Stanford Medical Center for a 2015 organ transplant ("Claim A") pursuant to the Community Hospital of the Monterey Peninsula Benefit Plan (the "Community Hospital Plan"); (2) expenses incurred at Community Hospital of the Monterey Peninsula for chemotherapy treatments in October 2015 through April 2016 ("Claim B") pursuant to the Community Hospital Plan; (3) expenses incurred at Community Hospital of the Monterey Peninsula for chemotherapy treatments in September through November 2015 ("Claim C") pursuant to the Community Hospital Plan; and (4) expenses incurred at Community Hospital of the Monterey Peninsula for chemotherapy treatments in November and December 2015 ("Claim D") pursuant to the Community Hospital Plan (collectively, Claims A through D are the "Underlying Claims").

## THE PARTIES

2.      Plaintiff Community Hospital of the Monterey Peninsula ("Community Hospital" or "Plaintiff") is a California nonprofit corporation with its principal place of business in California.

3.      Plaintiff is informed and believes, and on that basis alleges, that Defendant Sirius America Insurance Company ("Sirius") is a New York corporation with its principal place of business in New York.

4.      Plaintiff is informed and believes, and on that basis alleges, that Defendant Excess Reinsurance Underwriters Agency, Inc. ("Excess Re") is a Pennsylvania corporation with its principal place of business in New Jersey.

-1-

5.     Plaintiff is informed and believes, and on that basis alleges, that Defendant 6 Degrees Health, Inc. ("6 Degrees") is an Oregon corporation with its principal place of business in Oregon.

6.     Plaintiff does not currently know the true names and capacities, whether individual, associate, partnership, corporate, or otherwise, of the defendants fictitiously designated as Does 1 through 10 and therefore sues those defendants by these fictitious names. Plaintiff will seek leave of Court to amend this Complaint when it ascertains the true names and capacities of these fictitiously named defendants. Plaintiff is informed and believes, and on that basis alleges, that Does 1 through 10, are along with the other defendants responsible for the loss and damages alleged in this Complaint, and that Does 1 through 10 are authorized to do, and are in fact doing business in the state of California and the County of Monterey.

## THE INSURANCE POLICY

7.     Community Hospital purchased a Group Excess Loss Insurance Policy from Sirius with policy number SA1001-2015 and with a policy effective date of July 1, 2015, through June 30, 2016 (the "CHOMP Policy").

8.     The Community Hospital Policy contains a Specific Excess Loss Coverage provision, which states that Sirius "will reimburse You for Covered Expenses You have Paid to or on behalf of a Covered Person when: 1. those Covered Expenses exceed the Specific Deductible; and 2. the total of all Covered Expenses You have Paid to or on behalf of all Covered Persons exceeds any Aggregating Specific Deductible shown in the *Application and Policy Schedule*."

9.     The Community Hospital Policy's "General Definitions" defines "Covered Expenses" as "expenses eligible for reimbursement that are the lesser of the Usual and Customary charges, and amounts paid, for Medically Necessary services and supplies provided to a Covered Person, that are: 1. listed and described in the express terms and conditions of the Plan Document submitted to Us as of this Policy's Effective Date and including any additional expenses described in any Plan Document amendment made during the Benefit Period only if We agree in writing to its terms; and 2. Incurred and Paid during the Benefit Period shown in the *Application and Policy Schedule*; and 3. not otherwise excluded under the terms of the Plan Document or this Policy."

10.     The Community Hospital Policy further defines "Paid, Payment or Pay" to be "that a claim has been adjudicated by the TPA and the funds are actually disbursed by the Plan prior to the end of the Benefit Period."

11.     In addition, the Community Hospital Policy defines "Usual and Customary Charges" as "the common paid charge for the same or comparable service or supply in the geographic area in which the service or supply is furnished. Usual and Customary Charges are determined based upon: a. the amount of resources expended to deliver the treatment; b. the complexity of the treatment rendered; c. generally accepted billing practices for unbundling or multiple procedures; d. Medicare reimbursement rates for comparable services or supplies; e. costs to the provider for providing the service or supply; f. charging protocols and billing practices generally accepted by the medical community; and g. amounts Paid after discounts under governmental and private plans."

12.     The Community Hospital Policy's "Reimbursement Provisions" requires that a Third Party Administrator ("TPA") administer all claims under the Community Hospital Plan by stating: "You agree to retain and pay the Third Party Administrator (TPA) . . . We agree to recognize Your TPA . . . as Your sole agent for adjudication and payment of all claims under Your Plan, and for any other administrative duties for which You and Your TPA have contracted. You and We agree that only claims adjudicated and Paid by Your TPA will be considered for reimbursement under the terms of this Policy, and that no other entity, including You and Us, has the authority to adjudicate and Pay claims under Your Plan." Coastal TPA, Inc. ("Coastal") is the TPA for the Community Hospital Plan.

## THE UNDERLYING CLAIMS

13.     The Underlying Claims are medical claims paid by Community Hospital pursuant to and in accordance with the Community Hospital Plan, but for which Defendants refused to fully reimburse Community Hospital as required by the Community Hospital Policy. Instead, in reliance on unreasonable interpretations of the Community Hospital Policy and applicable law, Defendants made only partial reimbursement of the Underlying Claims.

14.     Claim A was for services provided at Stanford Medical Center for a 2015 organ transplant which was paid pursuant to the Community Hospital Plan. Defendants only partially reimbursed Plaintiff for Claim A. Defendants applied an unwarranted and unreasonable deduction to Claim A and at least $369,283.99 is still owing to Plaintiff.

15.     Claim B was for services provided at Community Hospital of the Monterey Peninsula for chemotherapy treatments in October 2015 through April 2016 which was paid pursuant to the Community Hospital Plan. Defendants only partially reimbursed Plaintiff for Claim B. Defendants applied an unwarranted and unreasonable deduction to Claim B and at least $185,834.89 is still owing to Plaintiff.

16.     Claim C was for services provided at Community Hospital of the Monterey Peninsula for chemotherapy treatments in September through November 2015 which was paid pursuant to the Community Hospital Plan. Defendants applied an unwarranted and unreasonable deduction to Claim C and at least $77,874.27 is still owing to Plaintiff.

17.     Claim D was incurred at Community Hospital of the Monterey Peninsula for chemotherapy treatments in November and December 2015 which was paid pursuant to the Community Hospital Plan. Defendants applied an unwarranted and unreasonable deduction to Claim D and at least $54,565.95 is still owing to Plaintiff.

**UNREASONABLE CONDUCT OF DEFENDANTS**

18.     Plaintiff is informed and believes, and on that basis alleges, that Excess Re was the underwriter for the Community Hospital Policy and that 6 Degrees was hired to audit the Underlying Claims.

19.     Plaintiff is informed and believes, and on that basis alleges, that Excess Re then presented the results of 6 Degrees' audit to Sirius, who simply adopted the recommendations to the detriment of Plaintiff.

20.     Plaintiff is informed and believes, and on that basis alleges, that Sirius, Excess Re, and 6 Degrees are involved in a joint venture whereby they entered an agreement, or series of agreements, between all of them and/or certain of them, providing for incentive fees to be paid by Sirius to Excess Re, and by Sirius or Excess Re to 6 Degrees, on the basis of a profitable claims

experience. Pursuant to that joint venture, the Defendants unreasonably discounted the Underlying Claims even if no incentive fees were involved in the transaction.

21.     Plaintiff is informed and believes, and on that basis alleges, that Sirius, Excess Re, and 6 Degrees are joint venturers or co-conspirators that have acted together to ensure a profitable claims experience under the Community Hospital Policy in exchange for monetary benefits that inured to and/or were provided to the Defendants. Whether or not there was such an agreement, the Defendants unreasonably discounted the Underlying Claims.

22.     Specifically, the Defendants acted in reliance on unreasonable interpretations of the Community Hospital Policy and applicable law with respect to the Underlying Claims as follows:

- With respect to Claim A, the Defendants applied an unwarranted and unreasonable deduction on the basis that the higher payments made to Stanford Medical Center pursuant to the Community Hospital Plan allegedly exceeded market comparisons and were not in alignment with what is considered usual, customary, and reasonable in the respective community;

- With respect to Claim B, the Defendants applied an unwarranted and unreasonable deduction on the basis that the higher payments made to Community Hospital of the Monterey Peninsula pursuant to the Community Hospital Plan allegedly exceeded market comparisons and were not in alignment with what is considered usual, customary, and reasonable in the respective community;

- With respect to Claim C, the Defendants applied an unwarranted and unreasonable deduction on the basis that it consisted of overpayments made pursuant to the Community Hospital Plan to Community Hospital of the Monterey Peninsula because the payments allegedly exceeded market comparisons and were not in alignment with what is considered usual, customary and reasonable in the respective community; and

- With respect to Claim D, the Defendants applied an unwarranted and unreasonable deduction on the basis that it consisted of overpayments made

1    pursuant to the Community Hospital Plan to Community Hospital of the

2    Monterey Peninsula because the payments allegedly exceeded market

3    comparisons and were not in alignment with what is considered usual,

4    customary, and reasonable in the respective community.

5    23.    In making the unreasonable deductions described above, Defendants ignored

6    applicable language in the Community Hospital Policy, applicable law, and the reasonable

7    expectations of Plaintiff under the Community Hospital Policy in the following ways:

8    • Defendants ignored that the Community Hospital Policy incorporated the

9    Community Hospital Plan into the underwriting and language of the

10    Community Hospital Policy, and that the Community Hospital Plan discusses

11    network rates and the responsibility to pay those rates;

12    • Defendants ignored that the incorporated Community Hospital Plan prohibits

13    the reduction of payment of claims below the network rate;

14    • Defendants ignored the Community Hospital Policy's definitions of "Usual and

15    Customary" and "Paid" in applying their unreasonable interpretation of the

16    Community Hospital Policy to the Underlying Claims and/or failed to satisfy

17    their burden to demonstrate that their use of such definitions was proper; and

18    • Defendants ignored the usual and customary rates of other providers in the

19    same community for the same services, which were provided to Defendants in

20    connection with appeals of the deductions made to the Underlying Claims.

21    24.    Plaintiff informed Defendants of these facts on numerous occasions and provided

22    Defendants multiple opportunities to readjust the Underlying Claims and authorize payment of the

23    amounts withheld, but Defendants refused to withdraw their unreasonable deductions and

24    coverage positions.

25    **FIRST CAUSE OF ACTION**

26    **(Negligence Against All Defendants)**

27    25.    Plaintiff realleges and reincorporates by reference herein each allegation contained

28    in paragraphs 1 through 24 above.

-6-

26.     Defendants owed Plaintiff a duty of care in performing their professional services. Defendants breached their duties to Plaintiff by failing to apply the correct standards in advising Sirius to reduce payment of the Underlying Claims.  The negligent conduct of the Defendants includes:

- Defendants, individually and collectively, ignored that the Community Hospital Policy incorporated the Community Hospital Plan into the underwriting and language of the Community Hospital Policy, and that the Community Hospital Plan discusses network rates and the responsibility to pay those rates;

- Defendants, individually and collectively, ignored that the incorporated Community Hospital Plan is prohibited from reducing claims below the network rate;

- Defendants, individually and collectively, ignored the Community Hospital Policy's definitions of "Usual and Customary" and "Paid" in applying their unreasonable interpretation of the Community Hospital Policy to the Underlying Claims and/or failed to satisfy their burden to demonstrate that their use of such definitions was proper;

- Defendants, individually and collectively, ignored the usual and customary rates of other providers in the same community for the same services, which were provided to Defendants in connection with appeals of the deductions made to the Underlying Claims; and

- Defendants, individually and collectively, have asserted specious bases for discounting the Underlying Claims, and when confronted with the inapplicability of the bases provided for the discounts, have failed and refused to withdraw their incorrect reasons for the discounts.

27.     As a direct and proximate result of the Defendants' negligence, their insured has been damaged in an amount subject to proof at trial.

28.     As a result, Plaintiff has suffered damages in an amount in excess of the Court's

1   jurisdictional limits.

2   **SECOND CAUSE OF ACTION**

3   **(Gross Negligence Against All Defendants)**

4   29.   Plaintiff realleges and reincorporates by reference herein each allegation contained

5   in paragraphs 1 through 24 above.

6   30.   Defendants owed Plaintiff a duty of care in performing their professional services.

7   Defendants breached their duties to Plaintiff by failing to apply the correct standards in advising

8   Sirius to deny or reduce payment of the Underlying Claims.  As further alleged herein,

9   Defendants' conduct constitute a want of even scant care and an extreme departure from the

10  ordinary standard of conduct.  The grossly negligent conduct of the Defendants includes:

11            • Defendants, individually and collectively, ignored that the Community

12              Hospital Policy incorporated the Community Hospital Plan into the

13              underwriting and language of the Community Hospital Policy, and that the

14              Community Hospital Plan discusses network rates and the responsibility to

15              pay those rates;

16            • Defendants, individually and collectively, ignored that the incorporated

17              Community Hospital Plan is prohibited from reducing claims below the

18              network rate;

19            • Defendants, individually and collectively, ignored the Community Hospital

20              Policy's definitions of "Usual and Customary" and "Paid" in applying their

21              unreasonable interpretation of the Community Hospital Policy to the

22              Underlying Claims and/or failed to satisfy their burden to demonstrate that

23              their use of such definitions was proper;

24            • Defendants, individually and collectively, ignored the usual and customary

25              rates of other providers in the same community for the same services, which

26              were provided to Defendants in connection with appeals of the deductions

27              made to the Underlying Claims; and

28

- Defendants, individually and collectively, have asserted specious bases for discounting the Underlying Claims, and when confronted with the inapplicability of the bases provided for the discounts, have failed and refused to withdraw their incorrect reasons for the discounts.

31.     The Defendants have engaged in the foregoing conduct in order to deprive their insured of insurance coverage that it otherwise would be entitled, and to further the financial interests of the Defendants.

32.     As a result of the foregoing conduct, the Defendants have failed to comply with legal rules concerning the handling of potentially insured claims by, among other reasons:

- Misrepresenting pertinent facts and Community Hospital Policy provisions relating to the coverage available for the Underlying Claims;

- Failing to adopt and implement reasonable standards for the prompt investigation and processing of the Underlying Claims;

- Compelling Plaintiff to institute litigation to recover amounts due under the Community Hospital Policy for the Underlying Claims by discounting payments without substantial justification; and

- Failing to provide Plaintiff promptly a reasonable explanation of the basis relied on in the Community Hospital Policy, in relation to the facts and applicable law, for the discounted payments of the Underlying Claims.

33.     As a direct and proximate result of the Defendants' gross negligence, Community Hospital has been damaged in an amount subject to proof at trial.

34.     The foregoing conduct of the Defendants, with the knowledge and ratification of their management, was undertaken maliciously, fraudulently, oppressively and in conscious disregard of the insured's known rights under the Community Hospital Policy. Accordingly, the insured is entitled to recover punitive and exemplary damages in an amount sufficient to punish the Defendants, and to deter other companies from similar wrongful conduct, as well as reasonable attorneys' fees, in amounts subject to proof at trial.

## THIRD CAUSE OF ACTION

### (Breach of Contract Against Sirius)

35.    Plaintiff realleges and reincorporates by reference herein each allegation contained in paragraphs 1 through 24 above.

36.    Community Hospital contracted with Sirius for Group Excess Loss insurance.

37.    Plaintiff has performed all conditions, covenants, and promises under the Community Hospital Policy, including without limitation the payment of premiums, timely notice of claims and full cooperation with Sirius.

38.    Plaintiff is informed and believes, and on that basis alleges, that Sirius, Excess Re, 6 Degrees, and Does 1 through 10 are involved in a joint venture whereby they entered an agreement, or series of agreements, between all of them and/or certain of them, providing for incentive fees to be paid by Sirius to Excess Re, and by Sirius or Excess Re to 6 Degrees, on the basis of a profitable claims experience.

39.    Sirius, and Excess Re and 6 Degrees and Does 1 through 10, as participants in the joint venture with Sirius, have an affirmative and immediate obligation and duty to authorize payment in full of all the Underlying Claims described above pursuant to the terms of the Community Hospital Policy and applicable law.

40.    Despite timely demand therefore, all Defendants have failed and refused, and continue to fail and refuse, to authorize payment in full of all the Underlying Claims described above.

41.    By their failure to pay in full all the Underlying Claims described above, Sirius has breached its obligations under the Community Hospital Policy.

42.    As a direct and proximate result of Sirius' material breach of contract, Plaintiff has suffered, continues to suffer, and is entitled to recover, direct and consequential damages in an amount to be determined at trial, but at least $687,559.10.

//

//

//

## FOURTH CAUSE OF ACTION

### (Tortious Interference with Contract Against Excess Re and 6 Degrees)

43.     Plaintiff realleges and reincorporates by reference herein each allegation contained in paragraphs 1 through 24 and 35 through 42 above.

44.     Community Hospital contracted with Sirius for Group Excess Loss insurance. Defendant Excess Re is not a party to the Community Hospital Policy, but purports to have authority ceded from Sirius to act as "claims administrator" for claims made to Sirius under the Community Hospital Policy.  Sirius never sought from Plaintiff consent to the transfer to Excess Re of any rights under the Community Hospital Policy, nor any right, duty, or obligation thereunder.

45.     Defendant 6 Degrees also is not a party to the Community Hospital Policy, but purports to have authority ceded from Sirius and/or Excess Re to act as a claims auditor and analyst for claims made under the Community Hospital Policy.  Sirius never sought from Plaintiff consent to transfer to 6 Degrees any rights to interpret or apply the Community Hospital Policy to the payment of claims.

46.     For purposes of this Cause of Action, Excess Re and 6 Degrees acted as independent contractors.  On information and belief, Excess Re and 6 Degrees have willfully and purposely induced Sirius to materially breach the Community Hospital Policy by asserting, ostensibly on Sirius's behalf, unsupportable reasons for discounting the Underlying Claims described above and thereby, denying benefits of the Community Hospital Policy.

47.     As a direct and proximate cause of Excess Re's and 6 Degrees' tortious interference with the Community Hospital Policy, Plaintiff has suffered direct and consequential damages in an amount to be determined at trial, but at least $687,559.10.

## FIFTH CAUSE OF ACTION

### (Tortious Breach of the Implied Covenant of Good Faith and Fair Dealing Against All Defendants)

48.     Plaintiff realleges and reincorporates by reference herein each allegation contained in paragraphs 1 through 24 and 35 through 47 above.

49.     Inherent in every insurance contract is an implied covenant of good faith and fair dealing that requires an insurer to do nothing that would deprive an insured of contractual rights and that prohibits an insurer from elevating its interests above the interests of its insured ("the covenant of good faith").  As alleged herein, the Defendants have breached the covenant of good faith and, in so doing, have acted with malice, fraud and oppression toward their insured such that each is liable for compensatory damages, attorneys' fees, and exemplary damages for their breaches.

50.     For purposes of this Cause of Action, each of the Defendants was the agent, joint venturer, and/or co-conspirator of each other, and in performing the acts alleged herein, each was acting within the course and scope of said agency, joint venture and/or conspiracy with the advance knowledge, acquiescence or subsequent ratification of each and every other Defendant.

51.     In denying to authorize payment in full the Underlying Claims as described above, the Defendants have elevated their interests above the interests of their insured, intentionally depriving it of coverage rights under the Community Hospital Policy, violating statutory standards of conduct, and otherwise unreasonably manipulating the handling of the Underlying Claims in a manner prejudicial to their insured.  The improper and unlawful conduct of the Defendants includes:

- Defendants, individually and collectively, ignored that the Community Hospital Policy incorporated the Community Hospital Plan into the underwriting and language of the Community Hospital Policy, and that the Community Hospital Plan discusses network rates and the responsibility to pay those rates;

- Defendants, individually and collectively, ignored that the incorporated Community Hospital Plan is prohibited from reducing claims below the network rate;

- Defendants, individually and collectively, ignored the Community Hospital Policy's definitions of "Usual and Customary" and "Paid" in applying their unreasonable interpretation of the Community Hospital Policy to the

Underlying Claims and/or failed to satisfy their burden to demonstrate that their use of such definitions was proper;

- Defendants, individually and collectively, ignored the usual and customary rates of other providers in the same community for the same services, which were provided to Defendants in connection with appeals of the deductions made to the Underlying Claims; and

- Defendants, individually and collectively, have asserted specious bases for discounting the Underlying Claims, and when confronted with the inapplicability of the bases provided for the discounts, have failed and refused to withdraw their incorrect reasons for the discounts.

52.  The Defendants have engaged in the foregoing conduct in order to deprive Community Hospital of insurance coverage that it otherwise would be entitled, and to further the financial interests of the Defendants.

53.  As a result of the foregoing conduct, the Defendants have failed to comply with legal rules concerning the handling of potentially insured claims by, among other reasons:

- Misrepresenting pertinent facts and Community Hospital Policy provisions relating to the coverage available for the Underlying Claims;

- Failing to adopt and implement reasonable standards for the prompt investigation and processing of the Underlying Claims;

- Compelling Plaintiff to institute litigation to recover amounts due under the Community Hospital Policy for the Underlying Claims by discounting payments without substantial justification; and

- Failing to provide Plaintiff promptly a reasonable explanation of the basis relied on in the Community Hospital Policy, in relation to the facts and applicable law, for the discounted payments of the Underlying Claims.

54.  As a direct and proximate result of the Defendants' breaches of the covenant of good faith, their insured has been damaged in an amount subject to proof at trial.

1   entitled to recover punitive and exemplary damages in an amount sufficient to punish the

2   Defendants, and to deter other companies from similar wrongful conduct, as well as reasonable

3   attorneys' fees, in amounts subject to proof at trial.

4   <u>**SIXTH CAUSE OF ACTION**</u>

5   **(Declaratory Judgment)**

6   56.   Plaintiff realleges and reincorporates by reference herein each allegation contained

7   in paragraphs 1 through 24 and 35 through 55 above.

8   57.   Plaintiff is informed and believes, and on that basis alleges, that Sirius, Excess Re,

9   6 Degrees, and Does 1 through 10 are involved in a joint venture whereby they entered an

10   agreement, or series of agreements, between all of them and/or certain of them, providing for

11   incentive fees to be paid by Sirius to Excess Re, and by Sirius or Excess Re to 6 Degrees, on the

12   basis of a profitable claims experience.

13   58.   Sirius, and Excess Re and 6 Degrees and Does 1 through 10, as participants in the

14   joint venture with Sirius, are obligated, under the Community Hospital Policy and applicable law,

15   to pay in full all the Underlying Claims described above.

16   59.   Sirius, Excess Re and 6 Degrees disagree with these assertions.

17   60.   An actual and justiciable controversy exists between Plaintiff, on the one hand, and

18   Sirius, Excess Re and 6 Degrees, on the other hand, concerning each party's obligations under the

19   Community Hospital Policy.

20   61.   Pursuant to California Civil Code §1060, Plaintiff seeks a declaration, order, and

21   judgment that the Community Hospital Policy provides full coverage for the Underlying Claims

22   described above.  Based on the expansive language contained in the Community Hospital Policy

23   and consistent with applicable law and industry custom and practice, Plaintiff seeks a declaration

24   that Sirius, Excess Re, 6 Degrees, and Does 1 through 10 are obligated to authorize payment in

25   full the Underlying Claims described above.

26   62.   A judicial declaration is necessary and appropriate at this time, and under the

27   circumstances alleged above, so that Plaintiff may ascertain its rights under the Community

28   Hospital Policy.

-14-

**PRAYER**

63.     WHEREFORE, Plaintiff prays for relief as against Defendants, and each of them, as set forth below:

On the First Cause of Action:

1.     For damages against Defendants in an amount subject to proof at trial, but at least $687,559.10, plus interest and attorneys' fees and costs as permitted by law;

On the Second Cause of Action:

2.     For damages against Defendants in an amount subject to proof at trial, but at least $687,559.10, plus interest and attorneys' fees and costs and exemplary damages as permitted by law;

On the Third Cause of Action:

3.     For damages against Sirius for breach of contract in an amount subject to proof at trial, but at least $687,559.10, plus interest and attorneys' fees and costs as permitted by law;

On the Fourth Cause of Action:

4.     For damages against Excess Re and 6 Degrees in an amount subject to proof at trial, but at least $687,559.10, plus interest and attorneys' fees and costs and exemplary damages as permitted by law;

On the Fifth Cause of Action:

5.     For damages against Defendants in an amount subject to proof at trial, but at least $687,559.10, plus interest and attorneys' fees and costs and exemplary damages as permitted by law;

On the Sixth Cause of Action:

6.     For a declaration pursuant to Civil Code §1060 that Plaintiff is entitled to receive payment in full of the four Underlying Claims identified above;

//

//

//

//

On All Causes of Action:

7.    For costs of suit, including reasonable attorneys' fees and costs incurred herein;

8.    For pre-judgment and post-judgment interest; and

9.    For such other, further, and different relief as this Court may deem just and proper.

Dated:  September 7, 2017                    KASOWITZ BENSON TORRES LLP


By: _____
      Jerold Oshinsky

Attorneys for Plaintiff COMMUNITY
HOSPITAL OF THE MONTEREY PENINSULA


**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues so triable.

Dated:  September 7, 2017                    KASOWITZ BENSON TORRES LLP


By: _____
      Jerold Oshinsky

Attorneys for Plaintiff COMMUNITY
HOSPITAL OF THE MONTEREY PENINSULA

| SUPERIOR COURT OF MONTEREY COUNTY | |
|---|---|
| Monterey Branch, 1200 Aguajito Road, Monterey, CA 93940 | |
| Community Hospital of the Monterey Peninsula<br>vs.<br>Sirius America Insurance Company, et al. | **CASE NUMBER**<br>17CV003307 |
| | Case Management Conference |

## NOTICE OF ASSIGNMENT AND CASE MANAGEMENT CONFERENCE

Your case number ending EVEN is assigned for all purposes to the Hon. Thomas W. Wills

Your case number ending ODD is assigned for all purposes to the Hon. Susan J. Matcham

This notice and Alternative Dispute Resolution (ADR) information packet <u>must</u> be served together with the Summons and Complaint pursuant to California Rule of Court 3.221.  *Parties are required to follow the case management rules as outlined in California Rule of Court 3.722 and Chapter 6 of the Local Rules of Court found on the court website at* www.montereycourt.ca.gov .  A case management statement from each party or joint statement shall be filed prior to the conference as outlined in California Rule of Court 3.725.

<div style="border:1px solid">

**Date:** January 09, 2018   **Time:** 9:00 AM   **Department 15**

**Location:** Monterey Courthouse, 1200 AGUAJITO ROAD, MONTEREY, CA 93940

</div>

Pursuant to statutes of the State of California, it is the responsibility of the court to establish procedures for the timely and effective disposition of civil cases.

The court is charged with the responsibility of ensuring all parties a fair and timely resolution of their disputes, and the court is in the best position to establish neutral rules and policies without adversely affecting all parties' right to a fair trial.  Effective management of the judicial system will build continuing respect by the community of government, minimize the costs to the parties and the public, and maximize the probability that cases will be timely resolved.

The goals of the Monterey County civil case and trial management system are:
1. To provide an effective and fair procedure for the timely disposition of civil cases;
2. To provide a mechanism to gather needed case information in order to make appropriate judicial management decisions; and
3. To establish reasonable rules and policies to require that cases reporting "ready" for trial may be tried without unnecessary delays or interruptions.

---

**Cases for Which Mediation May Be Appropriate:** Mediation may be particularly useful when parties have a relationship they want to preserve. So when family members, neighbors, or business partners have a dispute, mediation may be the ADR process to use.

Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

**Cases for Which Mediation May Not Be Appropriate:** Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

Arbitration

In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed.

Arbitration may be either "binding" or "nonbinding." Binding arbitration means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Generally, there is no right to appeal an arbitrator's decision in binding arbitration. Nonbinding arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision. The Monterey County Superior Court offers a nonbinding judicial arbitration program.

**Cases for Which Arbitration May Be Appropriate:** Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

**Cases for Which Arbitration May Not Be Appropriate:** If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

Neutral Evaluation

In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is nonbinding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

**Cases for Which Neutral Evaluation May Be Appropriate:** Neutral evaluation may be most appropriate in cases in which there are technical issues that require expertise to resolve or the only significant issue in the case is the amount of damages.

**Cases for Which Neutral Evaluation May Not Be Appropriate:** Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

Settlement Conference

Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

Form Approved for Mandatory Use
CI-127 Rev. September, 2013

ALTERNATIVE DISPUTE RESOLUTION
INFORMATION PACKET
(Civil)

Monterey County Superior Court
Page 2 of 2

**PROOF OF SERVICE**
*Community Hosp. of the Monterey Penninsula v. Sirius America Ins. Co.*
U.S. District Court Case no.
Monterey County Case No. 17CV003307

At the time of service I was over 18 years of age and not a party to this action.  I am employed by WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP.  My business address is 525 Market Street, 17th Floor, San Francisco, California 94105.  My business telephone number is (415) 433-0990; my business fax number is (415) 434-1370.  On this date I served the following document(s):

**NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT**

on the person or persons listed below, through their respective attorneys of record in this action, by placing true copies thereof in sealed envelopes or packages addressed as shown below by the following means of service:

☒:  **By United States Mail.**  I placed the envelope(s) for collection and mailing, following our ordinary business practices.  I am readily familiar with this business's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐:  **By Overnight Delivery.**  I enclosed the documents in an envelope or package provided by an overnight delivery carrier and address to the persons at the addresses below.  I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☐:  **By Messenger Service.**  I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed below and provided them to a professional messenger service for service.

☐:  **By Fax Transmission.**  Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed below.  No error was reported by the fax machine that I used.  A copy of the record of the fax transmission, which was printed out, is attached.

☐:  **By Electronic Service.**  Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification addresses listed below.

Jerold Oshinsky, Esq.
Julia K. Holt, Esq.
Britany J. Shugart, Esq.
KASOWITZ BENSON TORRES LLP
229 Century Park East, Suite 2000
Los Angeles, CA  90067
Email: joshinsky@kasowitz.com
          jholt@kasowitz.com
          Brittany@kasowitz.com
Tel.:    (424) 288-7900
Fax:    (424) 288-7901
*Attorneys for Plaintiff*

1

1845961v.1

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge.

EXECUTED on October 12, 2017, at San Francisco, California.

Madelyn Morton

PROOF OF SERVICE

1845961v.1