JEROLD OSHINSKY (SBN 250771)
Email: joshinsky@kasowitz.com
**KASOWITZ BENSON TORRES LLP**
2029 Century Park East, Suite 2000
Los Angeles, CA  90067
Telephone:     (424) 288-7900
Facsimile:      (424) 288-7901

KEVIN PASQUINELLI (SBN 246985)
Email: kpasquinelli@kasowitz.com
**KASOWITZ BENSON TORRES LLP**
333 Twin Dolphin Drive, Suite 200
Redwood Shores, CA 94065
Telephone: 650-453-5416
Facsimile: 650-453-5171

Attorneys for Plaintiff
COMMUNITY HOSPITAL OF THE MONTEREY PENINSULA

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COMMUNITY HOSPITAL OF THE MONTEREY PENINSULA,<br><br>Plaintiff,<br><br>v.<br><br>SIRIUS AMERICA INSURANCE COMPANY, et al.<br><br>Defendants. | CASE NO.  5:17-cv-05857-LHK<br><br>**COMMUNITY HOSPITAL OF THE MONTEREY PENINSULA'S OPPOSITION TO SIRIUS AMERICA INSURANCE COMPANY'S MOTION FOR ADMINISTRATIVE RELIEF**<br><br>Civil L.R. 7-11 |

## I.    INTRODUCTION AND SUMMARY OF OPPOSITION

Sirius America Insurance Company ("Sirius") requests the Court to move the Case Management Conference ("CMC") currently scheduled for January 31, 2018 until February 22, 2018, "or to a date thereafter that best accommodates the Court's calendar." ("the Administrative Motion") (Dkt. # 51) Sirius' co-defendants Excess Reinsurance Underwriters Agency ("Excess Re") and 6 Degrees Health, Inc. ("6 Degrees") have not joined in the Administrative Motion. Sirius argues that this delay is proper because its pending *Motion to Compel Arbitration* is likely to prevail and therefore any other effort expended in the case is premature. The *Administrative Motion* essentially requests the Court to stay the case, including discovery and case management

obligations, since no discovery may occur before the CMC. Sirius cites no case law in support of its argument. Sirius merely argues that good cause exists. However, courts have held that the Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending. Further, courts in the Northern District of California require the moving party to demonstrate that (1) the pending motion will be dispositive of the entire case, and (2) that the motion can be resolved without discovery. Defendants have failed to meet this burden. The pending *Motion to Compel* is not dispositive as to Excess Re and 6 Degrees and discovery is appropriate in deciding the *Motion to Compel* regarding Excess Re and 6 Degrees. Sirius further argues that avoiding the CMC and associated meet and confers will conserve both judicial and attorney resources. This argument places the "cart before the horse." The gravamen of Community Hospital's Initial Complaint focuses on the tortious interference of Excess Re and 6 Degrees, separate from any Sirius liability. Therefore, effort expended will appropriately move the litigation forward as to those defendants.

## II.  PROCEDURAL HISTORY

The initial CMC is set for January 31, 2018.

On November 16, 2017, Sirius filed its *Notice of Motion and Motion to Compel Arbitration and to Stay Action* ("Motion to compel"). (Dkt. # 27). On December 1, 2017 Excess Reinsurance Underwriters Agency, Inc. filed a *Notice of Non-Opposition to the Motion to Compel*. On December 14, 2017, Community Hospital of the Monterey Peninsula ("Community Hospital") filed an *Opposition to Defendant Sirius America Insurance Company's Motion to Compel* ("Opposition") (Dkt. 43), and on January 11, 2018, Sirius filed a Reply to Community Hospital's opposition ("Reply") (Dkt. 53). The hearing for the *Motion to Compel* is set for February 22, 2018.

In parallel with the *Motion to Compel* the parties met and conferred according to the ADR local rules. The Parties were unable to reach agreement on a form of ADR and on December 20, 2017, Community Hospital filed a Notice of need of ADR Phone Conference in accordance with ADR L.R. 3-5(d). An ADR phone conference is scheduled for January 26, 2018.

### III. THE FEDERAL RULES DO NOT PROVIDE FOR AUTOMATIC STAYS

"The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *See Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 600 (d. Nev. 2011). "Had the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. Pro. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect. In fact, such a notion is directly at odds with the need for expeditious resolution of litigation." *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990). However, a district court does have "wide discretion in controlling discovery," *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988), and that discretion extends to staying discovery upon a showing of "good cause," *see* Fed. R. Civ. P. 26(c)(1)(A). Good cause for staying discovery may exist when the district court is "'convinced that the plaintiff will be unable to state a claim for relief.'" *Wenger v. Monroe*, 282 F.3d 1068, 1077 (9th Cir. 2002) (quoting *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981)); *see also Tradebay*, 278 F.R.D. at 601 ("Staying discovery when a court is convinced that the plaintiff will be unable to state a claim for relief furthers the goal of efficiency for the court and the litigants."). Under Ninth Circuit law, "[a] party seeking a stay of discovery carries the heavy burden of making a 'strong showing' why discovery should be denied." *Gray*, 133 F.R.D. at 40 (citation omitted).

Courts in this district have applied a two-prong test to determine whether discovery should be stayed pending resolution of a dispositive motion. *See, e.g.*, *Gibbs v. Carson*, No. 13-0860, 2014 WL172187, at *3 (N.D. Cal. Jan. 15, 2014); *Hamilton v. Rhoads*, No. C 11-0227 RMW (PR), 2011 WL 5085504, at *1 (N.D. Cal. Oct. 25, 2011); *Pac. Lumber Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 220 F.R.D. 349, 351 (N.D. Cal. 2003). First, a pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed. *Pac. Lumber Co.*, 220 F.R.D. at 351 (citation omitted). Second, the court must determine whether the pending motion can be decided absent discovery. *Id.* at 352 (citation omitted). "If the Court answers these two questions in the affirmative, a protective order may issue. However, if either prong of this test is not established, discovery proceeds." *Id.* In applying this two-factor test,

the court must take a preliminary peek" at the merits of the pending dispositive motion to assess whether a stay is warranted. *Tradebay*, 278 F.R.D. at 602.

## IV. DEFENDANT HAS FAILED TO MEET ITS BURDEN TO DELAY THE CMC AND STAY THE PROCEEDINGS

The *Motion to Compel* is (1) likely not dispositive of the entire case and (2) cannot be decided without discovery, therefore the *Administrative Motion* should be denied.

Upon receiving the *Motion to Compel,* Community Hospital agreed that if Sirius preferred to arbitrate that Community Hospital would not oppose a request to arbitrate as to Sirius only. Sirius did not agree and, instead, proceeded with the *Motion to Compel* requesting that the Court stay all proceedings, including efforts against Excess Re and 6 Degrees. Excess Re and 6 Degrees have not joined in the *Motion to Compel*,[1] made no representations that they are parties to (or otherwise bound by) the arbitration agreement, and have answered the complaint. Sirius should have no say as to how Community Hospital should conduct its dispute with Excess Re and 6 Degrees.

The Initial Complaint (Dkt. # 1), and the *Opposition*, are clear that Community Hospital has alleged that Excess Re and 6 Degrees, *separately from Sirus*, have tortuously interfered with Community Hospital's right to benefits under the insurance policy at issue. *See,* cause of action No. 4 (asserted only as to Excess Re and 6 Degrees). Accordingly, Community Hospital's complaint alleges that 6 Degrees and Excess Re bear liability independently from Sirius. Depending on the nature of the agreements between the Defendants, resolution of the dispute with Excess Re and 6 Degrees could make arbitration with Sirius unnecessary. Therefore, cause of action No. 4 against Excess Re and 6 Degrees should move forward in the present litigation.

Accordingly, the arbitration issue is moot and enforcement of the arbitration clause is not dispositive of the entire case.

Second, the *Motion to Compel* may require discovery on Excess Re and 6 Degrees to resolve.  As discussed in the *Opposition*, discovery from 6 Degrees and Excess Re concerning the nature of their agreements with Sirius and each other, including which parties conducted the audits

---

[1] Although Excess Re has filed a notice of non opposition (Dkt. # 43).

(which have yet to be provided), and who made the decision to reduce payment, may be required. Review of these agreements may be necessary to fully understand the relationship between the defendants and where liability lies.

Third, preparing for the CMC with Excess Re and 6 Degrees is entirely proper and not wasted effort for the attorneys or the Court. Since litigation is not likely to proceed against Sirius it can choose not to patriciate in the CMC process, thereby avoiding any effort that it might otherwise expend. However, Excess Re and 6 Degrees may not be participating in the arbitration and so will not be wasting effort by participating in the CMC process.

## V.     CONCLUSION

Therefore, the *Administrative Motion* should be denied, and the existing CMC date should continue. Alternatively, efficiency can be obtained by combining the CMC with the hearing on the *Motion to Compel* on February 22, 2018.

Dated:  January 17, 2018                            KASOWITZ BENSON TORRES LLP

By: /s/ Kevin Pasquinelli
Jerold Oshinsky
Kevin Pasquinelli

Attorneys for Plaintiff COMMUNITY HOSPITAL OF THE MONTEREY PENINSULA