JEROLD OSHINSKY (SBN 250771)
CURTIS PORTERFIELD (SBN 101896)
joshinsky@kasowitz.com; cporterfield@kasowitz.com
**KASOWITZ BENSON TORRES LLP**
2029 Century Park East, Suite 2000
Los Angeles, CA 90067
Tel: (424) 288-7900/ Fax: (424) 288-7901
*Attorneys for Plaintiff*, COMMUNITY HOSPITAL OF THE MONTEREY PENINSULA

TIMOTHY W. FREDRICKS (SBN 238039)
ELIZABETH M. TRECKLER (SBN 282432)
fredricks.t@wssllp.com; treckler.e@wssllp.com
**WINGET SPADAFORA & SCHWARTZBERG LLP**
1900 Avenue of the Stars, Suite 450
Los Angeles, CA 90067
Tel: (310) 836-4800 / Fax: (310) 836-4801
*Attorneys for Defendant*, EXCESS REINSURANCE UNDERWRITERS AGENCY, INC.

KIMBERLY A. SHIELDS (SBN 245326)
ANDY Y. CHEN (SBN 294240)
kshields@mpbf.com; achen@mpbf.com
**MURPHY PEARSON BRADLEY & FEENEY**
88 Kearny Street, 10th Floor
San Francisco, CA 94108
Tel: (415) 788-1900 / Fax: (415) 393-8087
*Attorneys for Defendant*, 6 DEGREES HEALTH, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| COMMUNITY HOSPITAL OF THE MONTEREY PENINSULA,<br><br>Plaintiff,<br><br>v.<br><br>EXCESS REINSURANCE UNDERWRITERS AGENCY, INC., and 6 DEGREES HEALTH, INC.<br><br>Defendants. | CASE NO. 5:17-cv-05857-LHK<br><br>**JOINT FURTHER CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>The Honorable Lucy H. Koh<br><br>Further Case Management Conference<br>Date:   July 11, 2018<br>Time:   2:00 p.m. |

---

JOINT FURTHER CASE MANAGEMENT CONFERENCE STATEMENT

## JOINT FURTHER CASE MANAGEMENT CONFERENCE STATEMENT

The parties to the above-entitled action jointly submit this JOINT FURTHER CASE MANAGEMENT CONFERENCE STATEMENT pursuant to the Standing Order for All Judges of the Northern District of California dated January 17, 2017 STANDING ORDER REGARDING CASE MANAGEMENT IN CIVIL CASES dated February 10, 2017, and Civil Local Rule 16-9.

1. Jurisdiction and Service

**Joint Statement:** This Court has subject matter over this action as a diversity case. All parties have been served. The parties have attended one all-day session of a Settlement Conference before Magistrate Judge Susan van Keulen. Sirius America Insurance Company ("Sirius"), who sought and won the motion to arbitrate, voluntarily joined the other parties for these settlement discussions. The case has not settled and the parties were told that the Magistrate will notify us for scheduling a second session. There are no pending motions before the Court. Discovery is underway with written discovery by Community Hospital of the Monterey Peninsula ("Community Hospital" or "Plaintiff") and Excess Reinsurance Underwriters Agency, Inc. ("Excess Re") having been served.

2. Facts

**Joint Statement: The Parties:**

Plaintiff Community Hospital is a California nonprofit corporation with its principal place of business in California.

Defendant Excess Reinsurance Underwriters Agency, Inc. ("Excess Re") is a Pennsylvania corporation with its principal place of business in New Jersey, who was the underwriter for the Community Hospital insurance policy.

Defendant 6 Degrees Health, Inc. ("6 Degrees") is an Oregon corporation with its principal place of business in Oregon, who was hired to audit the Underlying Claims.

Collectively Excess Re and 6 Degrees are referred to as Defendants.

**Joint Statement: The Insurance Policy**

Community Hospital purchased a Group Excess Loss Insurance Policy from Sirius with policy number SA1001-2015 and with a policy effective date of July 1, 2015, through June 30, 2016 (the "Community Hospital Policy").

The Community Hospital Policy contains a Specific Excess Loss Coverage provision, which states that Sirius "will reimburse You for Covered Expenses You have Paid to or on behalf of a Covered Person when: 1. those Covered Expenses exceed the Specific Deductible; and 2. the total of all Covered Expenses You have Paid to or on behalf of all Covered Persons exceeds any Aggregating Specific Deductible shown in the *Application and Policy Schedule*."

The Community Hospital Policy defines "Covered Expenses," in part, as "expenses eligible for reimbursement that are the lesser of the Usual and Customary charges, and amounts paid, for Medically Necessary services and supplies provided to a Covered Person . . . ." The Community Hospital Policy defines "Usual and Customary Charges" as "the common paid charge for the same or comparable service or supply in the geographic area in which the service or supply is furnished. Usual and Customary Charges are determined based upon: a. the amount of resources expended to deliver the treatment; b. the complexity of the treatment rendered; c. generally accepted billing practices for unbundling or multiple procedures; d. Medicare reimbursement rates for comparable services or supplies; e. costs to the provider for providing the service or supply; f. charging protocols and billing practices generally accepted by the medical community; and g. amounts Paid after discounts under governmental and private plans."

**Plaintiff Community Hospital: The Underlying Claims & Alleged Unreasonable Conduct of Defendants**

Community Hospital alleges that the Underlying Claims are four medical claims paid by Community Hospital pursuant to and in accordance with the Community Hospital Plan (to its employees), but for which Defendants refused to fully reimburse Community Hospital as required by the Community Hospital Policy. Instead, Community Hospital alleges that in reliance on unreasonable interpretations of the Community Hospital Policy and applicable law, Defendants

made only partial reimbursement of the Underlying Claims. Community Hospital alleges that it made at least four different claims (Claims A-D as discussed in the Complaint) on Defendants which have been underpaid in an amount of at least $687,559.10.

Community Hospital alleges that Defendant Excess Re presented the claims to 6 Degrees, for auditing. 6 Degrees then presented the audit results to Sirius, who simply adopted the recommendation to the detriment of Community Hospital. Community Hospital believes that the Defendants are involved in a joint venture whereby they entered into an agreement, or series of agreements, providing incentive fees to be paid by Sirius to Excess Re and/or 6 Degrees to ensure a profitable claims experience. Alternatively, even without such a joint venture, Defendants improperly discounted the Underlying Claims, making unreasonable deductions and ignoring applicable language in the Community Hospital Policy.

**Defendants**:

Sirius issued the Community Hospital Policy to Community Hospital. Excess Re contracted with Sirius to act as the program manager in connection with the Community Hospital Policy. 6 Degrees contracted with Excess Re to provide auditing services in connection with the Community Hospital Policy. Community Hospital, via its broker, submitted the Underlying Claims to Excess Re for reimbursement under the Community Hospital Policy. Defendants contend that Community Hospital has been fully reimbursed for its "Usual and Customary Charges" in connection with "Covered Expenses" relating to the Underlying Claims, as defined by the Community Hospital Policy.

3.  Legal Issues

**Community Hospital**: In light of the established and alleged facts above, Community Hospital has asserted six causes of action against Defendants: (1) negligence (against all Defendants); (2) gross negligence (against all Defendants); (3) breach of contract (against Sirius); (4) tortious interference with contract against Excess Re and 6 Degrees; (5) tortious breach of the implied covenant of good faith and fair dealing (against all Defendants); and (6) declaratory judgment that Defendants are obligated to authorize payment in full for the Underlying Claims

discussed above. Community Hospital notes that claim four, for tortious interference with contract, has been asserted only against Excess Re and 6 Degrees.

**Defendants:** The legal issues in this matter relate to the interpretation of the terms and conditions of the Community Hospital Policy, including but not limited to whether the amounts sought to be reimbursed by Community Hospital constitute "Covered Expenses" under the Community Hospital Policy and whether Community Hospital has been fully reimbursed its "Usual and Customary Charges" as defined by the Community Hospital Policy.

4. <u>Motions</u>

**Joint Statement:** There currently are no motions pending before the Court. The parties have completed one day of settlement discussions before Magistrate Judge Susan van Keulen. There will be another settlement conference scheduled. Sirius, which was dismissed to pursue arbitration, has voluntarily joined in the settlement discussions only. The arbitration between Sirius and Community Hospital in AAA has been stayed by agreement of the parties.

Discovery is underway with written discovery by Community Hospital and by Excess Re.

5. <u>Amended of Pleadings</u>

At this time, the parties do not anticipate that claims or defenses will be added or dismissed.

6. <u>Evidence Preservation</u>

**Joint Statement:** The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI") and confirm that they have met and conferred pursuant to Federal Rule of Civil Procedure 26(f).

7. <u>Disclosures</u>

The Parties have no further disclosures at this time.

8. <u>Discovery</u>

**Joint Statement:** Formal discovery has commenced.

9. <u>Class Action</u>

**Joint Statement:** This case is not a class action.

5
JOINT FURTHER CASE MANAGEMENT CONFERENCE STATEMENT

10. <u>Related Cases</u>

**Joint Statement:** The Parties are unaware of any related cases.

11. <u>Relief</u>

**Community Hospital:** Community Hospital requests damages against Defendants in an amount subject to proof at trial, but at least $687,559.10, plus interest and attorneys' fees and costs and exemplary damages as permitted by law, as articulated in the Complaint. Community Hospital also requests a declaratory judgment that Defendants are obligated to authorize payment in full for the Underlying Claims.

12. <u>Settlement and ADR</u>

**Joint Statement:** The Parties are in the process of settlement discussions before Magistrate Judge Susan van Keulen.

13. <u>Consent to a Magistrate Judge For All Purposes</u>

**Joint Statement:** Sirus removed this case from Superior Court of California, County of Monterey to this Court and the case was assigned to Magistrate Judge Cousins. On November 3rd, Sirius and 6 Degrees declined to proceed before the Honorable Judge Cousins and, on November 7, 2017, the case was reassigned to the Honorable Judge Lucy Koh.

14. <u>Other References</u>

**Joint Statement:** The Parties do not believe that this case is suitable for a special master, or the Judicial Panel on Multidistrict Litigation.

15. <u>Narrowing of Issues</u>

The Parties are unaware, at this time, of any substantive issues that could be narrowed or bifurcated if the case proceeds.

16. <u>Expedited Trial Procedure</u>

The Parties do not believe this case is suitable for expedited trial procedure.

17. <u>Scheduling</u>

The Parties propose the following schedule:

| | |
|---|---|
| Further Case Management Conference | July 11, 2018, at 2:00 p.m. |
| Close of Fact Discovery | August 31, 2018 |
| Opening Expert Reports | September 28, 2018 |
| Rebuttal Expert Reports | October 19, 2018 |
| Close of Expert Discovery | November 16, 2018 |
| Last Day to File Dispositive Motions (one per side in the entire case) | Motion: January 10, 2019<br>Opposition: February 7, 2019<br>Reply: February 21, 2019 |
| Hearing on Dispositive Motions | March 14, 2019, at 1:30 p.m. |
| Final Pretrial Conference | May 16, 2019, at 1:30 p.m. |
| Jury Trial | June 3, 2019, at 9:00 a.m. |
| Length of Trial | 3 days |

18. Trial

Plaintiff requests a jury trial. The Parties agree the trial will require no more than five court days.

19. Disclosure of Non-party Interested Entities or Persons

The Parties have each filed the Certification of Interested Entities or Persons required by Civil Local Rule 3-15. According to the Standing Order for All Judges of The Northern District of California, dated January 17, 2017, each of the Parties hereby state:

**Community Hospital**: Plaintiff Community Hospital certifies that as of this date, it is unaware of any parties other than those already named as parties in this action that currently might have (i) a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding. However, in an abundance of caution, Montage Health Company, a non-profit corporation, is Community Hospital's parent.

**Excess Re:** Defendant Excess Re has no additional disclosures of Non-Party Interested Persons or Entities at this time.

**6 Degrees:** 6 Degrees Health, Inc. certifies that as of this date, it is unaware of any parties other than those already named as parties in this action that currently might have (i) a financial

interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding.

20. Professional Conduct

All attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

21. Other

None at this time.

DATED: July 5, 2018                           Respectfully submitted,

**KASOWITZ BENSON TORRES LLP**
By:   /s/ Jerold Oshinsky
JEROLD OSHINSKY (SBN 250771)
CURTIS D. PORTERFIELD (SBN 101896)

*Attorneys for Plaintiff COMMUNITY HOSPITAL OF THE MONTEREY PENINSULA*

**WINGET SPADAFORA & SCHWARTZBERG LLP**
By:   /s/ Timothy W. Fredricks
TIMOTHY W. FREDRICKS (SBN 238039)

*Attorneys for Defendant EXCESS REINSURANCE UNDERWRITERS AGENCY, INC.*

**MURPHY PEARSON BRADLEY & FEENEY**
By:   /s/ Andy Y. Chen
ANDY Y. CHEN (SBN 294240)

*Attorneys for Defendant 6 DEGREES HEALTH, INC.*