JEROLD OSHINSKY (SBN 250771)
Email: joshinsky@kasowitz.com
CURTIS PORTERFIELD (SBN 101896)
Email: cporterfield@kasowitz.com
**KASOWITZ BENSON TORRES LLP**
2029 Century Park East, Suite 2000
Los Angeles, CA 90067
Telephone:   (424) 288-7900
Facsimile:   (424) 288-7901
*Attorneys for Plaintiff*
*COMMUNITY HOSPITAL OF THE MONTEREY PENINSULA*

KIMBERLY A. SHIELDS (SBN 245326)
R. MICK RUBIO (SBN 285588)
Email: MRubio@MPBF.com
**MURPHY PEARSON BRADLEY & FEENEY**
88 Kearny Street, 10th Floor
San Francisco, CA 94108
Telephone:   (415) 788-1900
Facsimile:   (310) 393-8087
*Attorneys for Defendant*
*6 DEGREES HEALTH, INC.*

TIMOTHY W. FREDRICKS (SBN 238039)
fredricks.t@wssllp.com
JARED M. AHERN (SBN 279187)
**WINGET SPADAFORA & SCHWARTZBERG LLP**
1900 Avenue of the Stars, Suite 450
Los Angeles, CA 90067
Telephone:   (310) 836-4800
Facsimile:   (310) 836-4801
*Attorneys for Defendant*
*EXCESS REINSURANCE UNDERWRITERS AGENCY, INC.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF NORTHERN

# SAN JOSE DIVISION

| | |
|---|---|
| COMMUNITY HOSPITAL OF THE MONTEREY PENINSULA, a California nonprofit corporation,<br><br>Plaintiff,<br><br>v.<br><br>SIRIUS AMERICA INSURANCE COMPANY, a New York corporation; EXCESS REINSURANCE UNDERWRITERS AGENCY, INC., a Pennsylvania corporation; 6 DEGREES HEALTH, INC., an Oregon corporation; and DOES 1 through 10,<br><br>Defendants. | CASE NO.   5:17-cv-05857-LHK<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:       October 24, 2018<br>Time:       2:00 p.m.<br>Judge:      The Honorable Lucy H. Koh |

## JOINT FURTHER CASE MANAGEMENT STATEMENT

The parties to the above-entitled action jointly submit this JOINT CASE MANAGEMENT STATEMENT pursuant to the Standing Order for All Judges of the Northern District of California dated January 17, 2017 STANDING ORDER REGARDING CASE MANAGEMENT IN CIVIL CASES dated February 10, 2017, and Civil Local Rule 16-9.

### 1. Jurisdiction & Service

**Joint Statement**: This Court has subject matter over this action as a diversity case. All parties have been served. The parties have attended one all-day session of a Settlement Conference before Magistrate Judge Susan van Keulen. Sirius America Insurance Company ("Sirius"), who sought and won the motion to arbitrate, voluntarily joined the other parties for these settlement discussions. The case has not settled.. On October 11, 2018, the parties attended a telephonic session with Magistrate Judge Susan van Keulen regarding the scheduling of a second Settlement Conference. That Settlement Conference is scheduled for November 16, 2018 at 9:30 a.m. in San Jose, Courtroom 6, 4th Floor.

There are no pending motions before the Court..

Written discovery has been substantially completed. Plaintiff Community Hospital of the Monterey Peninsula ("Plaintiff") and defendant Excess Reinsurance Underwriters Agency, Inc. ("Excess Re") have written discovery responses outstanding to each other, and have agreed to an extension of their respective response dates while settlement discussions continue. The parties have agreed amongst themselves to postpone party depositions while the parties confer on settlement. Expert discovery has not commenced and the parties are also in discussions about postponing expert discovery until after the November 16, 2018 settlement conference.

### 2. Facts

**Joint Statement: The Parties:**

Plaintiff is a California nonprofit corporation with its principal place of business in California.

Defendant Excess Reinsurance Underwriters Agency, Inc. ("Excess Re") is a Pennsylvania

corporation with its principal place of business in New Jersey, who was the underwriter for the Community Hospital insurance policy.

Defendant 6 Degrees Health, Inc. ("6 Degrees") is an Oregon corporation with its principal place of business in Oregon, who was hired to audit the Underlying Claims.

Collectively Excess Re and 6 Degrees are referred to herein as "Defendants".

**Joint Statement: The Insurance Policy**

Community Hospital purchased a Group Excess Loss Insurance Policy from Sirius with policy number SA1001-2015 and with a policy effective date of July 1, 2015, through June 30, 2016 (the "Community Hospital Policy").

The Community Hospital Policy contains a Specific Excess Loss Coverage provision, which states that Sirius "will reimburse You for Covered Expenses You have Paid to or on behalf of a Covered Person when: 1. those Covered Expenses exceed the Specific Deductible; and 2. The total of all Covered Expenses You have Paid to or on behalf of all Covered Persons exceeds any Aggregating Specific Deductible shown in the *Application and Policy Schedule*."

The Community Hospital Policy defines "Covered Expenses," in part, as "expenses eligible for reimbursement that are the lesser of the Usual and Customary charges, and amounts paid, for Medically Necessary services and supplies provided to a Covered Person . . . ." The Community Hospital Policy defines "Usual and Customary Charges" as "the common paid charge for the same or comparable service or supply in the geographic area in which the service or supply is furnished. Usual and Customary Charges are determined based upon: a. the amount of resources expended to deliver the treatment; b. the complexity of the treatment rendered; c. generally accepted billing practices for unbundling or multiple procedures; d. Medicare reimbursement rates for comparable services or supplies; e. costs to the provider for providing the service or supply; f. charging protocols and billing practices generally accepted by the medical community; and g. amounts Paid after discounts under governmental and private plans."

**Plaintiff Community Hospital: The Underlying Claims & Alleged Unreasonable Conduct of Defendants**

Community Hospital alleges that the Underlying Claims are four medical claims paid by Community Hospital pursuant to and in accordance with the Community Hospital Plan (to its employees), but for which Defendants refused to fully reimburse Community Hospital as required by the Community Hospital Policy. Instead, Community Hospital alleges that in reliance on unreasonable interpretations of the Community Hospital Policy and applicable law, Defendants made only partial reimbursement of the Underlying Claims. Community Hospital alleges that four different claims for reimbursement (Claims A-D as discussed in the Complaint) have been underpaid in an amount of at least $687,559.10.

Community Hospital alleges that Defendant Excess Re presented the claims to 6 Degrees, for auditing. 6 Degrees then presented the audit results to Excess Re and Sirius, who simply adopted the reduced recommendation of 6 degrees to the detriment of Community Hospital. Community Hospital believes that the Defendants are involved in a joint venture whereby they entered into an agreement, or series of agreements, providing incentive fees to be paid by Sirius to Excess Re and/or 6 Degrees to ensure a profitable claims experience. Alternatively, even without such a joint venture, Defendants improperly discounted the Underlying Claims, making unreasonable deductions and ignoring applicable language in the Community Hospital Policy.

**Defendants:**

Sirius issued the Community Hospital Policy to Community Hospital. Excess Re contracted with Sirius to act as the program manager in connection with the Community Hospital Policy. 6 Degrees contracted with Excess Re to provide auditing services in connection with the Community Hospital Policy. Community Hospital, via its broker, submitted the Underlying Claims to Excess Re for reimbursement under the Community Hospital Policy. Defendants contend that Community Hospital has been fully reimbursed its "Usual and Customary Charges" in connection with "Covered Expenses" relating to the Underlying Claims, as defined by the Community Hospital Policy.

**6 Degrees:** 6 Degrees believes that it has no contractual or professional relationship with Plaintiff and therefore owes no duty to Plaintiff. Even so, 6 Degrees alleges that Plaintiff can provide no evidence that 6 Degrees was negligent or "grossly" negligent, tortuously interfered with any

contract, or that it breach any "implied covenant" of good faith and fair dealing (especially in the absence of a written contract). Furthermore, 6 Degrees alleges that Declaratory Relief is an improper remedy for Plaintiff, as it is attempting to redress retroactive alleged damages.

### 3. Legal Issues

**Community Hospital**: In light of the established and alleged facts above, Community Hospital has asserted six causes of action against Defendants: (1) negligence (against all Defendants); (2) gross negligence (against all Defendants); (3) breach of contract (against Sirius); (4) tortious interference with contract against Excess Re and 6 Degrees; (5) tortious breach of the implied covenant of good faith and fair dealing (against all Defendants); and (6) declaratory judgment that Defendants are obligated to authorize payment in full for the Underlying Claims discussed above. Community Hospital notes that claim four, for tortious interference with contract, has been asserted only against Excess Re and 6 Degrees.

**Defendants:** The legal issues in this matter relate to the interpretation of the terms and conditions of the Community Hospital Policy, including but not limited to whether the amounts sought to be reimbursed by Community Hospital constitute "Covered Expenses" under the Community Hospital Policy and whether Community Hospital has been fully reimbursed its "Usual and Customary Charges" as defined by the Community Hospital Policy.

Furthermore, the legal issues also relate to what extent 6 Degrees owed any duty to Plaintiff in the absence of a contractual agreement.

### 4. Motions

**Joint Statement**: There currently are no motions pending before the Court. The parties have completed one day of settlement discussions before Magistrate Judge Susan van Keulen, and have another session scheduled for November 16, 2018. Sirius, which was dismissed to pursue arbitration, has voluntarily joined in the settlement discussions (but not the other court proceedings). The arbitration between Sirius and Community Hospital in AAA has been stayed by agreement of the parties.

### 5. Amendment of Pleadings

At this time, the parties do not anticipate that claims or defenses will be added or dismissed.

**6. Evidence Preservation**

**Joint Statement:** The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI") and confirm that they have met and conferred pursuant to Federal Rule of Civil Procedure 26(f).

**7. Disclosures**

The parties have no further disclosures at this time.

**8. Discovery**

**Joint Statement:**

Written discovery has been substantially completed. Plaintiff Community Hospital of the Monterey Peninsula ("Plaintiff") and defendant Excess Reinsurance Underwriters Agency, Inc. ("Excess Re") have written discovery responses outstanding to each other, and have agreed to an extension of their respective response dates while settlement discussions continue. To conserve resources, the parties have agreed amongst themselves to postpone party depositions while the parties confer on settlement. Expert discovery has not commenced and the parties are also in discussions about postponing expert discovery until after the November 16, 2018 settlement conference.

**9. Class Action**

**Joint Statement:** This case is not a class action.

**10. Related Cases**

**Joint Statement:** The Parties are unaware of any related cases.

**11. Relief**

**Community Hospital**: Community Hospital requests damages against Defendants in an amount subject to proof at trial, but at least $687,559.10, plus interest and attorneys' fees and costs and exemplary damages as permitted by law, as articulated in the Complaint. Community Hospital also requests a declaratory judgment that Defendants are obligated to authorize payment in full for the Underlying Claims.

**12. Settlement and ADR:**

**Joint Statement:** The Parties are in the process of settlement discussions before Magistrate Judge Susan van Keulen. An initial settlement conference was completed by Magistrate Judge Susan van Keulen on June 29, 2018. A subsequent settlement conference is now scheduled for November 16, 2018 at 9:30 a.m.

### 13. Consent to a Magistrate Judge For All Purposes

**Joint Statement:** Sirius removed this case from Superior Court of California, County of Monterey to this Court and the case was assigned to Magistrate Judge Cousins. On November 3rd, Sirius and 6 Degrees declined to proceed before the Honorable Judge Cousins and, on November 7, 2017, the case was reassigned to the Honorable Judge Lucy Koh.

### 14. Other References

**Joint Statement:** The Parties do not believe that this case is suitable for a special master, or the Judicial Panel on Multidistrict Litigation.

### 15. Narrowing of Issues

The Parties are unaware, at this time, of any substantive issues that could be narrowed or bifurcated if the case proceeds.

### 16. Expedited Trial Procedure

The Parties do not believe this case is suitable for expedited trial procedure.

### 17. Scheduling

Pursuant to this Court's Orders dated January 31, 2018 and August 30, 2018, the following deadlines are presently scheduled:

| Scheduled Event | Date |
| --- | --- |
| Further Case Management Conference | October 24, 2018, at 2:00 p.m. |
| Close of Fact Discovery | October 1, 2018 |
| Opening Expert Reports | October 28, 2018 |
| Rebuttal Expert Reports | November 19, 2018 |
| Close of Expert Discovery | December 16, 2018 |
| Last Day to File Dispositive Motions (one per | **Motion:** January 10, 2018 |

| Scheduled Event | Date |
|---|---|
| side in the entire case) | **Opposition**: February 7, 2019 <br> **Reply**: February 21, 2019 |
| Hearing on Dispositive Motions | March 14, 2019, at 1:30 p.m. |
| Final Pretrial Conference | May 16, 2019, at 1:30 p.m. |
| Jury Trial | June 3, 2019, at 9:00 a.m. |
| Length of Trial | 3 days |

**18. Trial**

Plaintiff requests a jury trial. The Parties agree the trial will require no more than five court days.

**19. Disclosure of Non-party Interested Entities or Persons**

The Parties have each filed the Certification of Interested Entities or Persons required by Civil Local Rule 3-15. According to the Standing Order for All Judges of The Northern District of California, dated January 17, 2017, each of the Parties hereby state:

**Community Hospital**: Plaintiff Community Hospital certifies that as of this date, it is unaware of any parties other than those already named as parties in this action that currently might have (i) a financial interest in the subject matter in controversy or in a party to the proceeding, or ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding. However, in an abundance of caution, Montage Health Company, a non-profit corporation, is Community Hospital's parent.

**Excess Re**: Defendant Excess Re has no additional disclosures of Non-Party Interested Persons or Entities at this time.

**6 Degrees**: 6 Degrees Health, Inc. certifies that as of this date, it is unaware of any parties other than those already named as parties in this action that currently might have (i) a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding.

**20. Professional Conduct**

All attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21. Other**

None at this time.

DATED: October 22, 2018                    Respectfully submitted,

**KASOWITZ BENSON TORRES LLP**
By:   /s/Jerold Oshinsky
        /s/Curtis Porterfield
JEROLD OSHINSKY (SBN 250771)
CURTIS PORTERFIELD (SBN 101896)

*Attorneys for Plaintiff*
COMMUNITY HOSPITAL OF THE MONTEREY PENINSULA

**WINGET SPADAFORA & SCHWARTZBERG LLP**
By:   /s/ Jared M. Ahern
JARED M. AHERN (SBN 279187)

*Attorneys for Defendant*
EXCESS REINSURANCE UNDERWRITERS AGENCY, INC

**MURPHY PEARSON BRADLEY & FEENEY**
By:   /s/R. Mick Rubio
R. MICK RUBIO (SBN 285588)

*Attorneys for Defendant*
6 DEGREES HEALTH, INC.